IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:24-cv-00764-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden John Palmer, Stanley Terry, Heifner, Doctor McCree, Nurse Burdette, Nurse Driver, Nurse Mickens, Cunningham, Robertson, Barry Coirell, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights.  ECF No. 2.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").  On March 5, 2025, Defendants Burdette, Coirell, Cunningham, Heifner, McCree, Palmer, Robertson, and Terry filed a motion for summary judgment.  ECF No. 61.  The same day, Defendants Driver and Mickens filed a motion for summary judgment.  ECF No. 62. Defendant Palmer filed supplemental briefing on July 12, 2025, and August 11, 2025. ECF Nos. 77, 82.  On March 3, 2025, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately.  ECF No. 63.  Plaintiff did not file a response to either motion. On August 13,

2025, the Magistrate Judge issued a Report recommending that both motions be granted. ECF No. 83. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. No party has filed objections to the Report and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] On September 18, 2025, Plaintiff filed a letter labeled as "motion for trial motion dismiss no attorney." ECF No. 85. While he has listed only this case number, Plaintiff filed a substantially similar document in his other open cases. The Court is of the firm opinion that this document should not be considered as objections to the Report as it appears to take issue with the extensions granted to Defendants. However, even if the Court's review had been de novo, the Court would have granted the motions for the reasons given by the Magistrate Judge.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation.  The motions for summary judgment [61, 62] are **GRANTED**. [2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 1, 2025
Spartanburg, South Carolina

---

[2] Prior to the issuance of the Report, Plaintiff filed a motion for mediation.  ECF No. 74.  As this order concludes this action, the motion is **DENIED**.